UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH A. CZOP, SR.,

    Plaintiff,

v.                                               CASE NO.: 8:10-cv-914-T-23EAJ

EXCELSIOR DEFENSE, INC.,

    Defendant.
_____/

**ORDER**

The plaintiff sues under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), alleging various claims arising out of his employment.  The parties move (Doc. 17) for approval of a proposed settlement (although their motion is titled "Motion to Dismiss").  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).  The parties previously submitted unacceptable settlement agreements.  One agreement contained a pervasive release (Doc. 13), and both agreements waived the plaintiff's right to receive relief as a result of his participation in a governmental investigation or proceeding.  (Docs. 13 and 16)  Under Dees v. Hydradry, Inc., \_\_ F. Supp. 2d \_\_, 2010 WL 1539813 (M.D. Fla. Apr. 19, 2010), these agreements are unacceptable because they require the employee to compromise an FLSA right.

The motion to approve the settlement (Doc. 17) states that (a) the settlement fully compensates the plaintiff for unpaid wages, (b) the agreement compensates the plaintiff for attorney's fees, (c) the settlement of the Whistleblower and FLSA Retaliation claims resolves a bona fide dispute of fact and law, and, (d) the agreement includes every term and condition of the parties' settlement.  The settlement provides that the defendant will

pay Czop $119.59 in backpay and $500.00 for Czop's attorney fees.[1]  The defendant will also pay $6,000.00 to settle the plaintiff's Whistleblower and FLSA Retaliation claims.  The settlement omits a previous general release (Doc. 13) and states that the plaintiff is not releasing any claims other than those set forth in this action.  See Moreno v. Regions Bank, __ F. Supp. 2d __, No. 8:09-cv-930-T-23TGW (M.D. Fla. Aug. 6, 2010) (order denying motion for approval of FLSA settlement).

The parties' motion for approval of the settlement (Doc. 17) is **GRANTED**.  This action is **DISMISSED WITH PREJUDICE**, and the Clerk is directed to (1) terminate any pending motion and (2) close the case.  The hearing scheduled for September 2, 2010, is **CANCELLED**.

ORDERED in Tampa, Florida, on September 1, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] Because the $6,000.00 settlement of the Whistleblower and FLSA retaliation claims is in excess of what Plaintiff would have earned between his termination and unconditional offer of reinstatement, the parties assert that it includes an amount attributable to attorney's fees as well.